UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

MARK AMOS BARKER                                              PLAINTIFF

V.                      No. 3:18CV00137 DPM/JTR

RONNIE COLEMAN, Jail Administrator,
Crittenden County Jail, *et al.*                                    DEFENDANTS

### **ORDER**

Plaintiff Mark Amos Barker's Motion for Status regarding "service of process" (*Doc. 33*) is GRANTED. As previously explained to him (*Doc. 30*), all three Defendants have been served and filed their Answer on February 20, 2019. *Docs. 21, 22, 23 & 26.*

Defendants have now filed a Motion for Partial Summary Judgment on the issue of exhaustion, a Brief in Support, and a Statement of Facts. *Docs. 35, 36 & 37.* Plaintiff has a right to file a Response to that Motion.

At the summary judgment stage, a plaintiff cannot rest upon mere allegations and, instead, must meet proof with proof. *See* Fed. R. Civ. P. 56(e). This means that Plaintiff's Response should include his legal arguments, as well as affidavits,[1] prison

---

[1]The affidavit must be based upon the personal knowledge of the person executing the affidavit *and must be either*: (1) sworn and subscribed to by a notary public; or (2) executed under penalty of perjury, as provided for by 28 U.S.C. § 1746.

records, or other evidence establishing that there is a genuine issue of material fact that must be resolved at a hearing or trial.

Furthermore, pursuant to Local Rule 56.1, Plaintiff must separately file a "short and concise statement of material facts as to which he contends a genuine dispute exists to be tried." Defendants' Statement of Facts (*Doc. 36*) contains room for Plaintiff to write, below each numbered paragraph, whether he "agrees" or "disagrees" with Defendants' factual statement. **If Plaintiff disagrees, he must explain, in the provided space, why he disagrees and include a citation to the evidence he is relying on to support his version of the disputed fact.** If Plaintiff relies on documents that have been previously filed in the record, he must specifically refer to those documents by docket number and page. The Court will not sift through the file to find support for Plaintiff's factual contentions. *See Crossley v. Georgia-Pacific Corp.*, 355 F.3d 1112, 1113-14 (8th Cir. 2004) (affirming the grant of summary judgment because a plaintiff failed to properly refer to specific pages of the record that supported his position).

IT IS THEREFORE ORDERED THAT:

1. Plaintiff's Motion for Status (*Doc. 33)* is GRANTED.

2. Plaintiff has until and including **May 9, 2019**, to file a Response to Defendants' Motion for Partial Summary Judgment and a separate Statement of

Disputed Facts that comply with Fed. R. Civ. P. 56, Local Rule 56.1, and the instructions in this Order.

2. Plaintiff is advised that the failure to timely and properly file a Response and Statement of Disputed Facts will result in: (a) all of the facts in Defendants' Statement of Facts being deemed admitted by Plaintiff, pursuant to Local Rule 56.1(c); and (b) the possible dismissal of this action, without prejudice, pursuant to Local Rule 5.5(c)(2).

DATED this 10th day of April, 2019.

*/s/ J. Thomas Ray*
_____
UNITED STATES MAGISTRATE JUDGE