IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

**MARK AMOS BARKER**                                                                              **PLAINTIFF**
**ADC #139988**

v.                                     No. 3:18-cv-137-DPM

**RONNIE COLEMAN, Jail Administrator,**
**Crittenden County Jail; CHRISTOPHER**
**WILLIAMS, Officer, Crittenden County**
**Jail; and MANDY CHILDRESS, Nurse,**
**Crittenden County Jail**                                                                        **DEFENDANTS**

### ORDER

On *de novo* review, the Court adopts the Magistrate Judge's recommendation, *Doc. 68*, as modified and mostly overrules Barker's objections, *Doc. 71*. FED. R. CIV. P. 72(b)(3).

The modification: as Barker notes, the man he approached and hit was Alvin Brown—not Mario Wilson. Wilson was one of the folks standing around who threw food trays at Barker later in the altercation. This is an important fact; and the Court has therefore reviewed the recommendation with particular care. The Court concludes, however, that it does not change the outcome in this case.

First, as the Magistrate Judge notes, Barker started the fight. And though he didn't attack Wilson, his claim still boils down to one that guards should have protected him from Wilson joining a fight that Barker himself started. This presents a causation problem.

More importantly, Barker can't show deliberate indifference. He argues hard that he made a theft-of-property complaint against Wilson earlier that morning and "notified Defendants of my concern for my safety." *Doc. 71 at 3*. But these allegations are too thin on particulars to prove that Defendants were aware of a substantial risk of serious harm to Barker. *Compare Young v. Selk*, 508 F.3d 868, 873–74 (8th Cir. 2007). Further, it's unclear whether Coleman actually received notice about any potential threat Wilson posed to Barker, *Doc. 71 at 3*, or how much time passed between that notice and the fight later that morning. Without those details, Barker can't show that Defendants were deliberately indifferent to any substantial risk Wilson posed.

The Court sustains Barker's objection about identity but overrules the rest. Motion for summary judgment, *Doc. 57*, granted. Barker's remaining claims will be dismissed with prejudice.

So Ordered.

_____
D.P. Marshall Jr.
United States District Judge

18 November 2020